UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.  **96-2629
CIV-FERGUSON**

MAGISTRATE
BANDSTRA

SOCIÉTÉ INTERNATIONALE DE          )
COSMÉTIQUES, a French corporation,, )
                                   )
          Plaintiff,               )
                                   )
v.                                 )
                                   )
CHARLES AINI, a resident of New York; )
JACOB AINI, a resident of Paris, Franc; )
MICHAEL AINI, a resident of New York; )
RAQUEL AINI a/k/a RACHEL AINI, a   )
resident of Paris, France; and I.C.E. )
MARKETING CORP., a New York        )
corporation,                       )
                                   )
          Defendants.              )
                                   )
                                   )
_____ )

## COMPLAINT

Plaintiff Société Internationale de Cosmétiques ("SIC"), a French corporation, by
and through its undersigned counsel, brings this suit against defendants Charles Aini, a resident
of the State of New York;  and his sons, Jacob Aini, a resident of Paris, France, and Michael
Aini, a resident of the State of New York, and the wife of Jacob Aini, Raquel Aini (a/k/a Rachel
Aini), a resident of Paris, France and their company, I.C.E. Marketing Corp., a New York
corporation; and states for its complaint as follows:



CASE NO.

## PRELIMINARY STATEMENT

1.      By this action, plaintiff Société Internationale de Cosmétiques ("SIC") seeks, inter alia, (i) to cancel, pursuant to 15 U.S.C. § 1119 and international law, defendant Charles Aini's United States registration of the "Topiclear" trademark, which Charles Aini had no entitlement or right to obtain and which he obtained in a

fraudulent and illegal manner; and (ii) through injunctive relief, to halt defendants' ongoing, unauthorized replication and palming off of plaintiff's popular "Topiclear" products, a distinctive line of beauty products that SIC and its licensees, GMJ, a French corporation, and SIC's predecessors-in-interest and their licensees, have been manufacturing and selling around the world (including the United States) for at least the past sixteen (16) years.

2.      Plaintiff also seeks to end the irreparable injury that has resulted and is resulting from defendants' attempts to deceive the trade and relevant government agencies (including the United States Customs Service) that plaintiff's "Topiclear" goods are counterfeit.

3.      Finally, plaintiff seeks an equitable accounting and remuneration, pursuant to 15 U.S.C. § 1120 and as otherwise allowed by law, for, among other things, the damages inflicted by defendants' acts of willful trademark infringement, deceptive trade practices and unfair competition.

## JURISDICTION AND VENUE

4.      Plaintiff's first, second, third and fourth claims arise under the Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. §§ 1051 et seq., and this

121307                                          2

CASE NO.

Court has jurisdiction over such claims pursuant to 28 U.S.C. § 1338, 28 U.S.C. § 1331, and 15 U.S.C. § 1121.

5.     This Court has supplemental jurisdiction over the remaining claims -- which arise under Florida law -- under 28 U.S.C. § 1367.

6.     This Court also has diversity jurisdiction over all non-Federal question claims, pursuant to 28 U.S.C. § 1332, in that plaintiff is a citizen of a foreign country and the amount in controversy exceeds Fifty-Thousand Dollars ($50,000.00), exclusive of interest and costs.

7.     This Court has in personam jurisdiction over each defendant under Florida Statutes § 48.011 et seq., and otherwise, for, among other things, defendants have conducted (and continue to conduct) such substantial, extensive and not isolated business activities and wrongs in or directed to the State of Florida as to make them amenable to suit here.

8.     Venue is proper in this Court under 28 U.S.C. § 1391, because defendants transact business and affairs in this district, and have done so for at least the past six (6) years, and because a substantial part of the events giving rise to the claims asserted herein arose and are occurring in this district.

9.     Defendants' activities and conduct are in, or effect, interstate commerce.

121307                                            3

CASE NO.

## **PARTIES**

10. Plaintiff SIC is a corporation organized and existing under the laws of France. SIC has its principal place of business at 10, passage de l'Industrie, 75010 Paris, France.

11. Plaintiff is informed and believes, and on that basis alleges, that defendant Charles Aini is a resident of the State of New York, and has his principal place of business at 148-05 Jamaica Avenue, Queens, New York 11435. Plaintiff is further informed and believes, and on that basis alleges, that Charles Aini is the father of Jacob Aini and Michael Aini, and is an owner, officer, director, sponsor, principal and/or agent of defendant I.C.E. Marketing Corp., and that he has authorized, directed and/or actively participated in the wrongful conduct alleged herein, including the manufacturing, offering for sale and selling of fake "Topiclear" products with knowledge that the products are not plaintiff's and not authorized by plaintiff and otherwise not authentic, and has used a variety of sham corporate entities (including, currently, defendant I.C.E.) as vehicles through which to conduct the wrongful, illegal, and fraudulent activities alleged herein, including obtaining a fraudulent registration of the "Topiclear" trademark with the United States Patent and Trademark Office.

12. Plaintiff is informed and believes, and on that basis alleges, that since September of 1995, defendants Jacob Aini and Raquel Aini, who are married to one another and are business partners, have been residents of Paris, France, but nevertheless have conducted (and continue to conduct) substantial, extensive and not isolated business activities and affairs directed to and within the United States, including the State of Florida. Plaintiff is informed and believes, and on that basis alleges, that from 1988 through the time that these defendants moved to Paris,

121307

4

CASE NO.

France, they were residents of the State of New York, and conducted substantial and not isolated business in and directed to the State of Florida. Plaintiff is further informed and believes, and on that basis alleges, that these defendants are owners, officers, directors, sponsors, alter-egos, principals and/or agents of defendant I.C.E. Marketing Corp, and that they have authorized, directed and/or actively participated in the wrongful conduct alleged herein, including the manufacturing, offering for sale and selling of fake "Topiclear" products with knowledge that the products are not plaintiff's and not authorized by plaintiff and otherwise not authentic, and have used the corporate defendant as a vehicle through which to conduct the wrongful, illegal, and fraudulent activities alleged herein.

13.     Plaintiff is informed and believes, and on that basis alleges, that Michael Aini is a resident of the State of New York, and has his principal place of business at 1840 Nostrand Avenue, Brooklyn, New York. Plaintiff is informed and believes, and on that basis alleges, that Michael Aini is an owner, officer, director, sponsor, principal and/or agent of defendant I.C.E. Marketing Corp., and that he has authorized, directed and/or actively participated in the wrongful conduct alleged herein, including the offering for sale and selling of fake "Topiclear" products with knowledge that the products are not plaintiff's and not authorized by plaintiff and otherwise not authentic, and has used a variety of sham corporate entities (including, currently, defendant I.C.E.) as vehicles through which to conduct the wrongful, illegal, and fraudulent activities alleged herein.

14.     Plaintiff is informed and believes, and on that basis alleges, that I.C.E. Marketing Corp. ("I.C.E.") is a New York Corporation with its principal place of business at

121307

5

CASE NO.

1840 Nostrand Avenue, Brooklyn, New York, 11226-7921, and that I.C.E. conducts and/or has conducted substantial, extensive and not isolated business activities and affairs within or directed to the State of Florida, including the sale and distribution of cosmetic or beauty products; and further as a supplier, manufacturer and/or seller of the fake "Topiclear" products, is and has been an active participant in the wrongs complained of herein.

15.   At all times each defendant was the agent or principal or both for one another, and was acting within the scope of such agency or employment when engaging in the conduct alleged in this Complaint.

16.   I.C.E., like other corporate entities formed and used by the individual defendants since 1988 (such as A.B.C.E. Wholesale Inc., Zuri International, Inc., and Homeboy's Discount, Inc.), was formed for purposes of, inter alia, furthering public deception, confusion and other wrongs complained of herein, and this corporate defendant, like the others used by these defendants, is a closely-held, sham corporation (i) through which the individual defendants are conducting their public deception and other wrongs, and are directing their activities to the State of Florida; (ii) that were and are being used interchangeably; and (iii) that are the alter egos of their shareholders, officers, directors, and/or principals -- namely, the individual defendants.

17.   Charles, Jacob, Raquel, and Michael Aini, and their affiliated businesses, are professional trademark counterfeiters, having been involved in other trademark and trade dress counterfeiting schemes, and the conduct complained of herein is intentional, deliberate, willful, knowing, and malicious, and constitutes the business and livelihood of these individuals and their affiliated businesses.

121307

6

CASE NO.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

18.    SIC, including its predecessors-in-interest, has been and is now engaged in the manufacture, sale, offering for sale, distribution, transport and/or exportation of cosmetics, including creams and lotions, under the "Topiclear" trademark, in and to countries throughout the world, including the United States.

19.    SIC is the owner of French Registration No. 1,149,686, dated September 15, 1980, for the "Topiclear" trademark, and said mark was first used on goods anywhere in the world on or before October 1, 1980, long prior to the use by any defendant of the "Topiclear" trademark.

20.    The French "Topiclear" registration was obtained by Jacques Triquet, then a French national, and the inventor of "Topiclear" brand products. Upon Mr. Triquet's death, all rights and interests in and to the "Topiclear" trademark passed to Mr. Triquet's widow, Odette Saffroy, also known (and referenced herein) as the Widow Triquet.

21.    Since 1980, long prior to any use of the mark "Topiclear" by defendants, SIC and its predecessors-in-interest (including SAFFROY and her licensees), manufactured, advertised, distributed, sold, and otherwise offered "Topiclear" brand products to customers throughout the United States, including the defendants, and is presently using the "Topiclear" mark as a trademark in connection with the sale and offering for sale of those products throughout the world.

121307

7

22.    Plaintiff is informed and believes, and on that basis alleges, that beginning in December, 1988, defendant Charles Aini, Jacob Aini, Raquel Aini and/or Michael Aini, and their various businesses became a customer of Office Central d'Achats, ("O.C.A."), located in France, then SAFFROY's licensee, and that Charles Aini, Raquel Aini, and/or Michael Aini, purchased and imported into the United States "Topiclear" brand products from France.

23.    On or about April 13, 1989, in a knowing, willing, willful, malicious, and deliberate scheme to usurp and misappropriate for himself and his family businesses the trademark rights of SAFFROY in and to the "Topiclear" mark, Charles Aini filed an application with the United States Patent and Trademark Office to obtain for himself registration of the "Topiclear" trademark, stating under oath and penalty of perjury that he made first use of the mark in commerce on or about March 30, 1989; declaring himself to be the owner of the "Topiclear" trademark; and representing that no other person, firm, corporation or association had the right to use said mark in commerce, either in the identical form or in such near resemblance thereto as may be likely, when applied to the goods of such other person, to cause confusion, or to cause mistake, or to deceive.

24.    Charles Aini's statements were made at a time when Charles Aini, Jacob Aini, Raquel Aini, and/or Michael Aini, through affiliated sham corporations, including A.B.C.E. Wholesale Inc., were purchasing genuine "Topiclear" products from O.C.A., and importing genuine "Topiclear" products into the United States for sale and distribution in the United States.

121307                                    8

CASE NO.

representation to the United States Patent and Trademark Office to declare that he first made use of the "Topiclear" trademark in United States commerce in June 23, 1985.

31.     That statement by Charles Aini on September 3 or 5, 1990, was false and misleading, and was willfully, deliberately, and intentionally made by him solely to defraud the United States Patent and Trademark Office into believing that Charles Aini is the prior user of the "Topiclear" mark in the United States.

32.     On or about December 19, 1991 and during the pendency of her opposition, SAFFROY assigned all her worldwide rights and title in and to the "Topiclear" trademark to CCI, a French corporation owned by Ismael Jeduanne, a French national, and SAFFROY.

33.     Representing that he wished to avoid continuation of expensive litigation and proceedings before the United States Patent and Trademark Office, Jacob Aini proposed that the shareholders of CCI -- who had become Ismael Jedouane, Emile Garau, Simon Mumunc -- enter into a venture with him to be called Topiclear Beauty Products, Inc. ("TBPI"), a corporation to be incorporated in the State of New York, to manufacture and distribute "Topiclear" products in the United States.

34.     Believing that Charles Aini and Jacob Aini would comply with their promises under the proposed settlement agreement, on or about January 7, 1992, the shareholders of CCI entered into a settlement/shareholders agreement with Charles Aini and Jacob Aini, and rendered performance thereunder, having been induced and led to believe by Jacob Aini's and Charles Aini's representations that they intended to fulfill their promises under the agreement.

121307                                              10

35.     The shareholders of CCI, who were French nationals, did not understand the terms of the written settlement agreement which had been drafted by Jacob Aini's attorneys.

36.     In reality, Jacob Aini and Charles Aini had no intention of fulfilling their promises or obligations and otherwise perform as they promised under the settlement/shareholders agreement, and the proposal and creation of TBPI was part of a fraudulent scheme by Jacob Aini and Charles Aini to induce CCI and its shareholders to abandon the opposition to Charles Aini's application to obtain a United States registration of the "Topiclear" trademark, to obtain registration for themselves and their family businesses of the "Topiclear" trademark, and thereby to continue and attempt to legitimize their counterfeiting of "Topiclear" products.

37.     Without knowledge of the fraudulent intent of Jacob Aini and Charles Aini, CCI and its shareholders agreed to end the opposition proceedings against Charles Aini in the United States Patent and Trademark Office, and otherwise entered into the settlement agreement with Charles Aini and Jacob Aini.

38.     But for the fraudulent representations and inducement by Charles Aini and Jacob Aini, and had CCI and its shareholders been informed of and known the true intentions of these defendants, CCI and its shareholders would not have entered into the settlement agreement with these defendants and would have continued their efforts and the proceedings to obtain registration of the "Topiclear" trademark in the United States, including continuing to prosecute the opposition to Charles Aini's application to register that mark.

121307                                      11

CASE NO.

39.   Under the settlement/shareholders agreement, the shareholders of CCI agreed to discontinue the application to register the "Topiclear" trademark and the opposition to Charles Aini's then-pending application to register that mark, and permit Charles Aini to register the trademark in the United States.  Upon registration of the "Topiclear" trademark, Charles Aini was obligated to assign all his interest in and to the "Topiclear" trademark to Jacob Aini, who was to transfer the interest in and to the "Topiclear" trademark acquired from his father to TBPI, which in turn was to manufacture the "Topiclear" brand products and distribute the products in the United States and elsewhere.

40.  Further, Jacob Aini agreed to pay One-hundred Thousand Dollars ($100,000.00) to TBPI.

41.   The shareholders of TBPI were to be Jacob Aini, Ismael Jedouane, Emile Garau, and Simon Mamane, each owning twenty-five percent (25%) of the shares of TBPI.  Jacob Aini, who was to be president of TBPI, was to have fifty percent (50%) of the voting stock, with the remaining three shareholders each having sixteen and two-thirds percent (16 2/3%) of the voting stock.  At the time that TBPI was incorporated, which was done by Jacob Aini, only one class of stock was authorized by the Articles of Incorporation and thus Jacob Aini acquired only twenty-five percent (25%) of the beneficial and voting stock in TBPI.

42.   On March 16, 1993, the "Topiclear" trademark was registered on the Principal Register of the United States Patent and Trademark Office, and given registration number 1,757,874.

121307                                   12

CASE NO.

43.   In keeping with the fraud upon CCI and its shareholders, Charles Aini never assigned the "Topiclear" registration to Jacob Aini, and  Jacob Aini never assigned any rights in the "Topiclear" registration to TBPI.

44.   Jacob Aini never paid the sums that he had promised under the settlement agreement to TBFI.

45.   Instead, Charles Aini, Jacob Aini, Raquel Aini, and Michael Aini, individually and through a variety of sham corporations, continued to manufacture, distribute and sell their counterfeit "Topiclear" products in the United States, doing so in violation and material breach of the terms of the settlement agreement and in breech of their fiduciaries duties to the other shareholders of TBPI.

46.   These "Topiclear" products and sales were made pursuant to an unauthorized, ultra vires, naked licensing agreement by Charles Aini and for the account of Charles Aini, Jacob Aini, and their families, and were not accounted for to TBPI, dramatically reducing legitimate sales of "Topiclear" products in the United States.

47.   Using the fraudulently obtained "Topiclear" trademark registration, defendants have continued to manufacture, sell, and distribute counterfeit "Topiclear" products, and purchasers (including wholesalers, retailers and consumers in the United States) have bought and are buying those products because of the "Topiclear" name and well known and distinctive trade dress of "Topiclear" products, each of which has been appropriated by defendants for their counterfeit products to trade upon the good will of SIC and its predecessors.

121307                              13

CASE NO.

48.     Using that same fraudulently-obtained trademark registration, in 1993, Charles Aini and Jacob Aini, by and through their attorneys, filed and prosecuted lawsuits in this Court against sellers of alleged counterfeit "Topiclear" products. Said lawsuits (including seizures of "Topiclear" product) were in furtherance of the fraud of Charles Aini and Jacob Aini against the plaintiff and its successors and the trade, and were intended to harass and intimidate local retailers to purchase these defendants' "Topiclear" products, which these lawsuits had the effect of doing. Recently, defendants, through counsel, have threatened the trade with criminal action against sellers of supposed counterfeit "Topiclear" product, again relying on these defendants' fraudulently-obtained "Topiclear" registration to discipline the market into buying from the defendants and/or their distributors the defendants' "Topiclear" products.

49. In May of 1995, SIC acquired seventy-five percent (75%) of the outstanding common stock of TBPI from Ismael Jedouane, Emile Garau, and Simone Mamane.

50.     After SIC acquired its seventy-five percent (75%) interest in TBPI, SIC discovered defendants' fraudulent scheme to secure the "Topiclear" registration and against the interests of TBPI and its shareholders (other than Jacob Aini).

51.     In December 7, 1995, in Paris, France, after unsuccessful efforts to bring Charles Aini and Jacob Aini into compliance with their contractual obligations an extraordinary meeting of the shareholders of TBPI was convened, pursuant to duly-given notice.

52.     Jacob Aini was present, as were all other shareholders, directors, and officers of TBFI. It was voted at the meeting that the "Topiclear" trademark, and all rights and

121307

14

CASE NO.

interests therein, be restored to CCI.  Although present at the meeting, Jacob Aini chose to abstain from the vote.  In January, 1996, CCI duly transfers all its rights and interest in and to the "Topiclear" trademark, including in and to the French "Topiclear" trademark registration.

53.     After obtaining the United States registration of the "Topiclear" trademark, in 1993, Charles Aini registered the mark with the U.S. Customs Service to prevent any "Topiclear" products not authorized by Charles Aini from entering the United States, including those "Topiclear" products made by SIC or under license by SIC.  Plaintiff is informed and believes, and on that basis alleges, that the individual defendants, together and/or individually, have informed United States Customs Service officials of shipments of plaintiff's "Topiclear" goods, shipped by its exclusive licensee GMJ, and have had these goods seized on the docks at the Port of Miami.  Thus, SIC is effectively now unable to import its "Topiclear" products into the United States, and defendants' counterfeit "Topiclear" products have effectively displaced plaintiff's legitimate "Topiclear" products.  Accordingly, SIC is now suffering immediate, irreparable injury from defendants acts of infringement, unfair competition and deceptive trade practice.

54.     Defendants' conduct has caused and is causing SIC irreparably damage and injury and unless Charles Aini's "Topiclear" trademark registration is canceled and the defendants are enjoined, SIC will continue to suffer such injury.  SIC has no adequate remedy at law.

55.     All conditions precedent to this action and the plaintiff's claims, if any, have been satisfied and/or waived.

121307                                  15

CASE NO.

56.     SIC has retained the law firm of Akerman, Senterfitt & Eidson, P.A., to prosecute this action, and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## CANCELLATION OF THE "TOPICLEAR" TRADEMARK REGISTRATION
### (As Against Defendant Charles Aini)

57.     Plaintiff realleges and incorporates by reference each allegation contained in paragraphs 1-56, inclusive, of this Complaint as if fully set forth herein.

58.     The application of Charles Aini to obtain registration in the United States of the "Topiclear" trademark was false, misleading, and fraudulent in material respects, and submitted with the intent to defraud the United States Patent and Trademark Office, and induce the United States Patent and Trademark Office to grant Charles Aini a registration of the "Topiclear" mark.

59.     SIC, including its predecessors-in-interest, was the first to use the "Topiclear" trademark in the United States, and therefore has rights to the mark superior to those of Charles Aini.

60.     Further, since at least the time that he obtained the registration of the "Topiclear" trademark, Charles Aini has used the mark in a manner inconsistent with an intent to protect it, including entering into blanket license agreements for use by others of the mark.

61.     Accordingly, SIC respectfully requests that, pursuant to § 37 of the Lanham Act, 15 U.S.C. § 1119, this Court declare U.S. Trademark Registration No. 1,757,874, owned by Charles Aini, canceled and removed from the principal register, and assigned to SIC.

121307                                          16

## COUNT II
## DAMAGES FOR FALSE OR FRAUDULENT REGISTRATION
### (Against Charles Aini)

62. Plaintiff realleges and incorporates by reference each allegations contained in paragraphs 1-61 of this Complaint, inclusive, as if fully set forth herein.

63. This count is for damages pursuant to 15 U.S.C. § 1120.

64. Charles Aini's procurement in the Patent and Trademark Office of the registration of the "Topiclear" trademark was done by a false or fraudulent declaration or representation, and/or by false means.

65. As a direct and proximate result of Charles Aini's procurement of the "Topiclear" trademark by a false or fraudulent declaration or representation, and/or by false means, SIC has been injured and has suffered damages in an amount to be determined at trial but not less than five million dollars ($5,000,000.00).

## COUNT III
## UNFAIR COMPETITION, LANHAM ACT §43(a)
### (Against All Defendants)

66. Plaintiff realleges and incorporates by reference each allegation contained in paragraphs 1-65 of this Complaint, inclusive, as if fully set forth herein.

67. Defendants' use of the "Topiclear" trademark and the trade dress that plaintiff uses for its "Topiclear" line of beauty products, and defendants' advertisement, promotion, use and sale in commerce (including interstate commerce) of fake and unauthorized

121307

17

CASE NO.

goods purporting to be real, genuine or authentic "Topiclear" products or to be "Topiclear" products made pursuant to a validly-issued trademark registration and consent of the holder or owner of the "Topiclear" trademark, and defendants' other conduct as alleged herein, constitute a false designation of origin, a misbranding of defendants' products, a false or misleading description of fact and a false or misleading representation of fact, a false representation of the nature, characteristics, qualities, geographic origin, and source of defendants' products, each of which is likely, if not certain, to cause (and has caused) confusion, mistake or deception to the public in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a).

68.    The use by defendants of the designation "Topiclear" and of a confusingly-similar trade dress are likely to, and are calculated and designed to, cause (and have caused) confusion, mistake and deception among wholesalers, retailers, and consumers that defendants' products are SIC's product or genuine and authentic "Topiclear" products.

69.    Defendants are advertising, promoting and selling the aforesaid products in commerce with knowledge of the falsity of the aforesaid designation of origin and description of fact and other representations that they are making and have made.

70.    Further, the aforesaid acts of defendants constitute a deliberate, willful, knowing, malicious and/or intentional attempt to trade and/or compete unfairly on the valuable good will and reputation symbolized by SIC's trademarks, trade dress, and trade or commercial name, including the "Topiclear" mark, and to misappropriate the same, and to pass or palm off their products as those of the plaintiff.

CASE NO.

71.     Unless immediately and permanently restrained by this Court, defendants will continue such illegal acts and violation of § 43(a) of the Lanham Act, § 1125(a), and otherwise cause great and irreparable damage and injury to SIC and to the public through, inter alia, (a) causing a likelihood of confusion, mistake and/or deception among the relevant purchasing public and trade as to the source, manufacturer, country of origin, nature and/or active ingredients of the fake "Topiclear" products; (b) causing such confusion, mistake and/or deception; (c) causing, among other things, disruption and damage to plaintiff's marketing, advertising and distribution systems and plans; and (d) causing incalculable damage to SIC's goodwill and reputation and the value of the "Topiclear" name and the distinctive trade dress of plaintiff' "Topiclear" product.

72.     Defendants' aforesaid acts have caused and are causing great and irreparable damage to plaintiff and to the public and unless restrained by this Court, said irreparable injury will continue.  Plaintiff has no adequate remedy of law.

73.     As a direct and proximate result of defendants' illegal and wrongful activities as alleged herein, plaintiff has been severely damaged in an amount to be determined at trial, but not less than five million dollars ($5,000,000.00), exclusive of interest and costs.  SIC's damages are continuing, and additional injury and damage to plaintiff will continue to occur so long as defendants' above alleged wrongful activities continue.

121307

19

CASE NO.

## COUNT IV
## LANHAM ACT 15 U.S.C. §1126 AND THE PARIS CONVENTION
### (Against All Defendants)

74.     Plaintiff realleges and incorporates by reference each of the allegation contained in paragraphs 1-73 of this Complaint as if fully set forth herein.

75.     At all relevant times, SIC and its predecessors-in-interest and their licensees are and have been nationals and citizens of France.

76.     SIC has obtained a duly registered trademark of the "Topiclear" trademark in the France, the country of origin of SIC's products, and the "Topiclear" trademark is subject to full protection in France and, through the Madrid Protocol, around the world.  Further, as a result of the efforts of SIC and its predecessors-in-interest and licensees, the "Topiclear" trademark is famous and well-known internationally, including in France and in the United States, where they are distinctive and have acquired secondary meaning.

77.     Defendants' registration of the "Topiclear" trademark in the United States, and their use and threatened continued use of the "Topiclear" trademark and trade dress in the United States, and their other conduct and activities, as alleged herein, including but not limited to their unauthorized use of the "Topiclear" trademark and trade dress in connection with identical and/or similar goods to those for which SIC has obtained trademark registration in France, is liable and likely to create (and has caused) confusion in the United States with SIC's trademarks registered in France, and with plaintiff's products generally.

121307                                    20

CASE NO.

78. Defendants' acts are likely to create and are creating confusion with the goods of plaintiff. Defendants' palming and passing off of their products as those of plaintiff or of a subsidiary or other company associated, affiliated or related to plaintiff, and their use and threatened continued use of SIC's "Topiclear" trademark and distinctive trade dress without authorization, and other conduct and activities as alleged herein, are alone or together likely (if not certain) to deceive and confuse customers and prospective customers into believing (i) that defendants' products originate with SIC or with a subsidiary or other company associated, affiliated or related to the SIC; (ii) that defendants' products are in some way legitimately associated with or authorized by SIC; (iii) that defendants and SIC are in some way associated; and/or (iv) that defendants' "Topiclear" products are legitimate and authentic.

79. Defendants' conduct and activities as alleged herein constitute unfair competition against plaintiff both in the United States and abroad, and an infringement of plaintiff' rights, and are contrary to honest practices in industrial or commercial matters.

80. As alleged herein, defendants have made and continue to make false allegations, in the course of trade, of a nature to discredit the goods of plaintiff or likely to discredit plaintiff' goods.

81. Defendants' actions are wrongful and actionable under the Paris Convention for the Protection of Industrial Property of March 20, 1883, as amended (the "Paris Convention"), including Articles 6bis and 10bis of the Paris Convention, as well as under the Lanham Act, 15 U.S.C. §§ 1126(b) and 1126(h), and warrant damages and cancellation of Charles Aini's United States registration of the "Topiclear" trademark.

121307                                    21

CASE NO.

82.    Defendants have profited from their unlawful and wrongful conduct, and through their wrongful and unlawful conduct, have injured and continue to injure plaintiff.

83.    Unless restrained by the Court, defendants' unlawful activity will continue and plaintiff will continue to suffer irreparable injury for which they have no adequate remedy at law.

84.    As a direct and proximate result of the defendants' illegal and wrongful activities as alleged above, plaintiff have been severely damaged in an amount to be determined at trial, but not less than fifty thousand and one dollars ($50,001.00), exclusive of interest and costs. Plaintiff' damages are continuing, and additional injury and damage to plaintiff will continue to occur so long as defendants' above alleged wrongful activities continue.

121307

22

CASE NO.

## COUNT V
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
### (Against All Defendants)

85.     Plaintiff realleges and incorporates by reference each of the allegation contained in paragraphs 1-84 of this Complaint as if fully set forth herein.

86.     The distinctive "Topiclear" trademark and trade dress have been used in various forms continuously for over sixteen (16) years by SIC's predecessors-in-interest, and their licensees, for cosmetics and beauty products, and became the trademark and trade dress SIC and of SIC's predecessors-in-interest long prior to the acts of defendants complained of herein.  By their first use of the trademark "Topiclear," SIC's predecessors-in-interest acquired rights in the mark senior to any claimed by defendants, which SIC in turn acquired.

87.     By the acts complained of herein, defendants have wrongfully, maliciously, willfully, deliberately, and/or intentionally misappropriated said trademark and trade dress and the vast and valuable good will and reputation symbolized therein for defendants' own advantage and profit and to plaintiff' detriment and harm, and defendant is advertising and offering its products in direct competition with plaintiff' own products.

88.     Defendants' passing and palming off of infringing and fake goods bearing the "Topiclear" trademark and trade dress constitute unfair competition and trademark infringement under the common law.  As a direct and proximate result of such unfair competition and trademark infringement, plaintiff has been damaged, at a minimum, in the amount of the proceeds realized by the defendants from the sale of their deceptive and unauthorized products,

121307                                     23

CASE NO.

and in the amount by which the profits of SIC have been diminished by defendants' activities. Further, defendants' activities as alleged herein have caused damage to the goodwill of SIC and of its trade or commercial name and "Topiclear" trademark, and have caused other damages.

89.    Unless defendants' acts of trademark infringement and unfair competition are enjoined, defendants will continue their infringing and other wrongful activities, and otherwise continue to cause great and irreparable damage and injury to SIC through, _inter alia_, (a) causing a likelihood of and actual confusion, mistake and/or deception among the relevant purchasing public and trade as to the source and properties of defendants' products; (b) causing disruption and damage to SIC's marketing, advertising, and distribution systems and plans; and (c) causing incalculable damage to SIC's goodwill and the value of the "Topiclear" trademark and trade dress.

90.    Defendants' acts of trademark infringement and unfair competition are aggravated by that kind of willfulness, wantonness and/or malice for which Florida law allows the imposition of exemplary or punitive damages.  Defendants' activities were intentional, willful, wanton, fraudulent and/or without justification or excuse, and were undertaken with gross indifference to, or willful disregard of, the rights of plaintiff.

91.    By the acts complained of herein, defendants have wrongfully and willfully misappropriated and infringed upon SIC's trademark and trade dress and the vast and valuable good will and reputation symbolized thereby for defendants' own advantage and profit and to the harm and detriment of the plaintiff, and defendant is advertising and selling its products in direct competition with plaintiff.

121307                                           24

CASE NO.

92.     The aforesaid acts of defendants constitute infringement, copying, imitation, misappropriation and unfair competition, and represent an unjustifiable attempt to profit commercially from plaintiff and plaintiff' products and reputation, to the commercial and competitive disadvantage and detriment of plaintiff in contravention of the common law of the State of Florida and under the laws of all other states of the United States.

93.     Defendants' acts have caused and will continue to cause great and irreparable injury to plaintiff and their business and reputation and, unless restrained by this court, said irreparable injury will continue.

94.     Plaintiff have no adequate remedy of law.

95.     As a direct and proximate result of the foregoing wrongful conduct of the defendants, plaintiff has suffered damages in an amount to be determined at trial, but not less than five million dollars ($5,000,000.00), exclusive of interest and costs. Plaintiff's damages are continuing, and additional injury and damage to plaintiff will continue to occur so long as defendants' above activities and infringement on SIC's trademark, trade or commercial name and trade dress continues.

## COUNT VI
## FLORIDA STATUTORY TRADEMARK DILUTION AND
## INJURY TO BUSINESS REPUTATION
### (Against All Defendants)

96.     Plaintiff realleges and incorporates by reference each of the allegation contained in paragraphs 1-95 of this Complaint as if fully set forth herein.

121307                                                25

CASE NO.

97.    By virtue of plaintiff's (and their predecessors-in-interest's) advertising, promotion, and sales of "Topiclear" brand products, the "Topiclear" trademark and trade dress possess a high degree of distinctiveness that is capable of dilution. The "Topiclear" trademark and trade dress identify to the public (and is understood by the public) that plaintiff are the source of the products bearing those names, trade dress and labels. Plaintiff also enjoy an outstanding business reputation for its "Topiclear" products, which includes its reputation for quality, reliability and efficacy.

98.    Defendants' activities as alleged above have diluted and are likely to continue diluting the distinctive quality of the "Topiclear" trademark and trade dress in violation of the Florida Trademark Dilution Act, § 495.151, Florida Statutes. Defendants' infringement and other wrongful activity, as alleged above, have impaired and injured, and will continue to impair and injure, the significance of the "Topiclear" trademark and trade dress, as well as SIC's outstanding business reputation.

99.    Plaintiff have no adequate remedy at law for defendants' acts of dilution and violation of the Florida Trademark Dilution Act, § 495.151, Florida Statutes, which have irreparably harmed SIC.

100.    As a direct and proximate result of the foregoing wrongful conduct of the defendants, plaintiff have suffered damages in an amount to be determined at trial, but not less than five million dollars ($5,000,000.00), exclusive of interest and costs. Plaintiff' damages are continuing, and additional injury and damage to plaintiff will occur so long as defendants' above alleged activities and infringement of SIC's trademark and trade dress continues.

121307                                    26

CASE NO.

## COUNT VII
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES
### (Against All Defendants)

101.    Plaintiff reallege and incorporate by reference each of the allegation contained in paragraphs 1-100 of this Complaint as if fully set forth herein.

102.    This Count against defendants arises under Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 et seq., including § 501.204 thereof (the "Act"). Plaintiff seek a preliminary and permanent injunction and other relief and costs as allowed by the Act, including reasonable attorney's fees pursuant to Fla. Stats. §§ 501.2105 and 501.211.

103.    Defendants' conduct as alleged herein, including their use of the "Topiclear" trademark and SIC's trade dress and making false representations concerning the source or manufacturer and the properties of their products as recited in this Complaint, constitute unfair methods of competition, unconscionable acts or practices, and/or unfair and deceptive acts or practices in the conduct of trade or commerce, in violation of the Act. Defendant will continue to so act, and plaintiff will continue to be irreparably injured, unless defendants are enjoined by this Court. Additional injury and damage to plaintiff will continue to occur so long as defendants' above-alleged wrongful conduct continues.

121307                                                27

CASE NO.

## COUNT VIII
## UNJUST ENRICHMENT AND EQUITABLE ACCOUNTING
### (Against All Defendants)

104.    Plaintiff realleges and incorporates by reference each of the allegation contained in paragraphs 1-103 of this Complaint as if fully set forth herein.

105.    Defendants have knowingly, deliberately, and/or intentionally engaged in the infringement of SIC's trademark and trade dress, with the deliberate intent to deceive or confuse consumers, to cause confusion among consumers about SIC's trademark and trade dress, to misappropriate plaintiff' goodwill and the popularity of plaintiff' product, and/or to compete unfairly against plaintiff.

106.    As a direct result of their wrongful activities, defendants have been unjustly enriched, and have received profits, benefits, and other consideration, to which SIC is entitled under principles of equity.  Accordingly, defendants should be required to account for and disgorge those profits and other benefits and consideration received by them through and as a result of their wrongful activities, and an equitable constructive trust should be placed upon all assets of defendants in order to protect SIC's interest in such profits, benefits, consideration, and other consideration.

121307

CASE NO.

## DEMAND FOR JUDGMENT

WHEREFORE, plaintiff Société Internationale de Cosmétiques ("SIC") respectfully requests that the Court take jurisdiction of this action and that this Court grant it the following relief:

A.   Adjudge that defendants have competed unfairly with plaintiff's rights at common law and in violation of plaintiff's rights under 15 U.S.C. § 1125(a), and have otherwise violated Federal and Florida law and plaintiff's rights thereunder, including SIC's rights in and to its "Topiclear" trademark;

B.   Declare that U.S. Trademark Registration No. 1,757,874 owned by Charles Aini is canceled;

C.   Adjudge that defendants are liable to plaintiff, jointly and/or severally, for damages in an amount to be determined at trial, but not less than five million dollars ($5,000,000.00), exclusive of interest and costs;

D.   Adjudge that each defendant named herein, and each defendant's agents, employees, attorneys, successors, assigns, affiliates, joint venturers, and any person(s) in active concert or participation with any of them, and/or any person(s) acting for, with, by, through or under any of them, be enjoined and restrained at first during the pendency of this action and thereafter permanently and forever:

1.   From manufacturing, importing, selling, offering for sale, distributing, advertising or promoting any goods which bear any SIC trademark, trade or commercial name,

121307                                              29

CASE NO.

and/or trade dress, alone or in combination with any other words or symbols, including but not limited to the "Topiclear" trademark;

2. From using any words or symbols which so resemble any SIC trademark, trade or commercial name, and/or trade dress as to be likely to cause confusion, mistake or deception, on or in connection with the manufacture, importation, sale, offering for sale, distribution, advertisement or promotion of any product is not authorized by or for SIC;

3. From using any word, term, name, symbol, device, or combination thereof which causes or is likely to cause confusion, mistake or deception as to the affiliation or association of defendants (or any one of them) or their goods with SIC or the goods and products made by SIC, or as to the origin of defendants' goods, or any false designation of origin, false or misleading description or representation of fact;

4. From further diluting or infringing the rights of plaintiff in and to any SIC trademark, trade or commercial names, and/or trade dress, including but not limited to the "Topiclear" trademark, or otherwise damaging plaintiff goodwill or business reputation;

5. From otherwise competing unfairly with plaintiff in any manner;

6. From continuing to perform in any manner whatsoever any of the acts and activities complained of in this Complaint;

7. From taking any action that may defeat, or may have the effect of defeating, plaintiff' ability to recover and recoup its damages, including but not limited to

30

CASE NO.

prohibiting defendants from transferring any moneys from their current bank accounts to other accounts and prohibiting defendants from disposing of any assets, until such time as any judgment from damages against these defendants has been satisfied.

E.     Adjudge that defendants be required forthwith to supply plaintiff' counsel with a complete list of individuals and entities from whom or which they purchased, and to whom or which they sold, offered for sale, distributed, advertised or promoted products which bear any SIC trademark, trade or commercial name, and/or trade dress, including but not limited to the "Topiclear" trademark;

F.     Adjudge that defendants be required to deliver forthwith to plaintiff' counsel defendants' entire inventory of infringing and unauthorized products (including, but not limited to, soaps, skin lotions and skin creams), packaging, labeling, labels, advertising matter, promotional material and all plates, molds, matrices, and other material for producing or printing such items, which is in defendants' possession or subject to their control and which bear any SIC trade or commercial name, trademark, and/or trade dress, or any one of them;

G.     Adjudge that defendants, within thirty (30) days after service of the Judgment demanded herein, be required to file with this Court and serve upon plaintiff' counsel, a written report under oath setting forth in detail the manner in which they have complied with the Judgment;

121307

31

CASE NO.

H.    Adjudge that defendants' damages under the Lanham Act be trebled, and that defendants be required to pay plaintiff' punitive damages to the full extent allowed by applicable law;

I.    Adjudge that plaintiff be awarded their costs and disbursements incurred in connection with this action, including plaintiff' reasonable attorneys-fees and investigative expenses, as may be allowable by applicable law, including without limitation, 15 U.S.C. §1117(a) and Fla. Stats. §§ 501.2105, 501.211, and 57.105;

J.    Adjudge that a constructive trust be placed upon all the assets of defendants, that defendants and/or their assigns, successors, agents, representatives, and designees by deemed to serve as trustees of said constructive trust for the benefit of, and to ensure that, plaintiff recover from defendants its actual damages and lost profits in an amount to be proven at trial and any other damages, and their reasonable attorney's fees and other costs; and further that defendants be required to account for any profits, benefits or other forms of consideration that are attributable to their illegal or wrongful acts and conduct as alleged herein; and that in addition, plaintiff be awarded three times such profits (and/or the value of such benefits or other forms of consideration), or three times any damages sustained by plaintiff, or both, as allowed under 15 U.S.C. § 1117, and that plaintiff be awarded prejudgment interest; and

K.    Adjudge that all such other relief be awarded to SIC as this Court deems just, proper, and equitable.

121307

32

CASE NO.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands, pursuant to Rule 38, Federal Rules of Civil Procedure, a trial by jury of all issues triable of right by a jury.

Dated September 16, 1996.

Respectfully submitted,

AKERMAN, SENTERFITT & EIDSON, P.A.
Attorneys for Plaintiff
SOCIÉTÉ INTERNATIONALE DE
COSMÉTIQUES
One S.E. Third Avenue
28th Floor
Miami, Florida 33131
Telephone: (305) 374-5600

By:_____
     BERNARDO BURSTEIN
     Florida Bar No. 972207

121307

33

# CIVIL COVER SHEET

96-2629
CIV - FERGUSON

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

MAGISTRATE
BANDSTRA

## I (a) PLAINTIFFS

SOCIETE INTERNATIONALE DE COSMETIQUES, a French corporation,

## DEFENDANTS

CHARLES AINI, a resident of New York; JACOB AINI, a resident of Paris, France; MICHAEL AINI, a resident of New York; RAQUEL AINI a/k/a RACHEL AINI, a resident of Paris, France; and I.C.E. MARKETING CORP., a New York corp.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

H - Dade-962629 Ferguson Bandstra

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
BERNARDO BURSTEIN, Akerman, Senterfitt & Eidson
1 S.E. 3rd Ave., 28th Fl., Miami, Fl. 33131
(305) 374-5600

ATTORNEYS (IF KNOWN)
BERNARDO BURSTEIN, ESQUIRE

(d) CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION
(PLACE AN X ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Case Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☒ 6 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

IVa. 5 days estimated (for both sides) to try entire case

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| A CONTACT | A TORTS | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | A PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | B SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | A LABOR | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | B PRISONER PETITIONS | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | A FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General * | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other * | | | ☐ 890 Other Statutory Actions * |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights * A or B | | | * A or B |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- ☒ 1. Original Proceeding
- ☐ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint
☐ YES

JURY DEMAND: ☐ NO

## VIII. RELATED CASE(S) IF ANY (See Instructions):
Aini v. YZY, Inc.   JUDGE K. Michael Moore   DOCKET NUMBER 93-918-Civ-Moore

DATE 9/16/96

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F I-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 667479
Date Paid: 09/16/96
Amount 120.00
M/fp: _____